Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicants*
*Sakura Miyawaki, et al.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and E.C.H.,<br><br>　　　　Applicants. | ) CASE NO. 5:24-mc-80189<br>)<br>) **APPLICANTS' *EX PARTE***<br>) **APPLICATION FOR AN ORDER**<br>) **PURSUANT TO 28 U.S.C. § 1782**<br>) **AUTHORIZING DISCOVERY FOR**<br>) **USE IN A FOREIGN CIVIL**<br>) **PROCEEDING; AND**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES**<br>) |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. Section 1782, Applicants Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and E.C.H. (the "**Applicants**") hereby move *ex parte* for an order authorizing limited discovery for use in a civil matter in the Republic of Korea ("**Application**"). As further stated in the proposed subpoena, the Applicants seek limited discovery from Google LLC ("**Google**"), which is an entity located in this district.

United States district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery

1

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.,* 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte"); Frischknecht and Lindsey, *Evidence gathering in aid of foreign proceedings in the US and England,* International Bar Association, August 4, 2021 at https://www.ibanet.org/evidence-gathered-foreign-proceedings-US-England (last visited July 30, 2024). For the reasons set forth herein, the Applicants respectfully request this Court decide this Application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, proposed subpoena, Exhibits and the Declarations of Mun Hui Kim and Joo Young Kim, all of which are filed concurrently herewith.

Dated: July 30, 2024                    STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/

Eugene Kim

*Attorneys for Applicants*
*Sakura Miyawaki, et al.*

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................6

II.     FACTUAL BACKGROUND ........................................................................6

     A.     Civil Matter in the Republic of Korea ...........................................6

     B.     The Applicants Previously Filed an *Ex Parte* Application under Section 1782 Based on Criminal Complaint, Which was Denied. ...................10

     C.     The Applicants Seek Limited Discovery from Google for a Civil Case ...............10

III.    JURISDICTION AND VENUE ................................................................11

IV.    LEGAL STANDARD................................................................................11

V.     ARGUMENT .............................................................................................12

     A.     This Application Meets All of the Statutory Requirements of Section 1782 ........12

     B.     Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application................................................................................13

          1.     Google is a nonparticipant in the Korean Civil Matter..............13

          2.     Korean Tribunals are receptive to U.S. judicial assistance.......13

          3.     The Applicants are not seeking to circumvent any restrictions or policies on proof gathering ........................................................15

          4.     The Applicants' request is not unduly intrusive or burdensome ..............17

VI.    CONCLUSION..........................................................................................18

CERTIFICATE OF COMPLIANCE ....................................................................19

3

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

# TABLE OF AUTHORITIES

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108 (9th Cir. 2015).............................. 13

*Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) ........................................................................................................................................ 16

*In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418 (N.D. Cal. Jan. 20, 2023) .................................................................................... 17

*In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029 (N.D. Cal. 2016)............... 17

*In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016)............................................................................. 14

*In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348 (N.D. Cal. Jul. 25, 2019) ........................................................................................................................................ 17

*In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ....... 15

*In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019) ........................................................................................................................................ 18

*In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) ................................................................................................................................... 17

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557 (9th Cir. 2011) ........................................................................................................................................ 12

*In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015).......... 14

*In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023)....................................................... 12, 14, 17

*In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109 (N.D. Cal. 1977) ........................................................................................... 14

*In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023)................................................................................................................... 15

*In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ................ 16

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) .................................... *passim*

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019) ............................................................ 11

*Milkovich v. Lorain J. Co.*, 497 U.S. 1 (1990)............................................................................. 16

*Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) ................................................................................ 17

4

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907 (N.D. Cal. 2019) .................................. 14

*Takagi v. Twitter, Inc*., No. 22-mc-80240-VKD, 2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) ............................................................................................................................... 16

*United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518 (N.D. Cal. 2023) ........................................................................................................... 12, 15, 16, 17

*Zuru, Inc. v. Glassdoor, Inc*., 614 F.Supp.3d 697 (N.D. Cal. 2022)............................................. 16

**Statutes**

28 U.S.C. § 1331 ........................................................................................................................... 11

28 U.S.C. § 1391 ........................................................................................................................... 11

28 U.S.C. § 1782 ..................................................................................................................... *passim*

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

The Applicants are members of a female K-pop group named LE SSERAFIM, who have come under attack by anonymous individuals (collectively, the "**YouTubers**") posting false, defamatory and harassing short-form videos on YouTube. To address these attacks on the YouTube platform, the Applicants filed a civil lawsuit in the Republic of Korea ("**Korea**"). Unfortunately, without the YouTubers' personally identifiable information ("**PII**") the civil court case cannot proceed.

To date, the Applicants' attempts to locate the identities of these anonymous persons through publicly available information have been unsuccessful. JY Kim Decl. ¶ 10. As a result, the Applicants now seek the assistance of this Court.

As set forth below, the Applicants satisfy all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent Google from objecting or moving to quash the targeted requests made in the proposed subpoena, which is attached as **Exhibit A**.

### II.       FACTUAL BACKGROUND

#### A.  Civil Matter in the Republic of Korea

SOURCE MUSIC Co., Ltd. ("**SOURCE MUSIC**"), is a Korean entertainment company and music label established in 2009 under the laws of Korea and its principal place of business is in Korea. JY Kim Decl. ¶ 3. SOURCE MUSIC is a private company engaged in the entertainment business with a focus on managing LE SSERAFIM, a female K-pop group that it formed in 2022. *Id*. at ¶ 4. The group consists of five members: Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and E.C.H. (the "**Applicants**"). *Id*.

An unidentified person using the YouTube handle "@issuefeed" ("**First YouTuber**") published around sixteen (16) short-form videos ("**Shorts**")[1] about the Applicants between

/ / /

---

[1] Short-form videos typically last up to 60 seconds. See https://www.youtube.com/intl/en_id/creators/shorts/.

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

March 5, 2024 and May 29, 2024[2] on his or her YouTube channel titled "Issue Feed" (Korean original: "이슈피드"). *Id.* ¶ 5, Ex. 1. While the YouTube channel was active in or around June 2024, it is no longer accessible as of July 15, 2024. *Id.* ¶ 5.

The First YouTuber's Shorts contain false, defamatory and/or harassing statements about the Applicants. *Id.* ¶ 6. These include but are not limited to the following:

1.  In a Short titled "LE SSERAFIM SMART reference plagiarism controversy that even foreigners are sensing" (English translation) dated March 5, 2024,[3] this YouTuber defamed the Applicants by stating one of their songs copied two other artists. This Short states that the Applicants' song 'SMART' copied Doja Cat's 'Woman' and Tyla's 'Water' in terms of the lyrics, melody, beat, and choreography. The YouTuber also harassed and defamed the Applicants by reposting comments from other anonymous individuals, including but not limited to the following quotes: "le ssserafim just doesn't have a musical identity…," "This is just a watered down version of water by tyla and woman by doja cat lmaoo, 'keep kpop korean' they said'," "smart by le sserafim literally reminds me of water by tyla and clam down by rema and selena AND woman by doja." This Short received approximately 2,170,000 views, 39,000 'likes' and 2,500 comments as of June 10, 2024. *Id.* ¶ 6(a).

2.  In a Short titled "Shocking reaction of foreigners after watching LE SSERAFIM's Coachella stage" (English translation) dated April 22, 2024,[4] the First YouTuber defamed and harassed the Applicants by stating the Applicants' "Coachella stage was a mess" (English translation), "foreigner was shocked at the silent live music" (English translation), and "the more difficult part was the second Coachella stage / they just went on stage with AR just like Korean music shows / they totally gave up doing live music and just did the choreography" (English translation). This YouTuber also harassed and defamed the Applicants by reposting comments from other anonymous individuals,

---

[2] All date and time references are based on Korea Standard Time (KST).
[3] https://www.youtube.com/watch?v=7P54w8pJKjI; see JY Kim Decl. ¶ 6(a) for the Korean original text at issue.
[4] https://www.youtube.com/watch?v=yKeLhE2yriU; see JY Kim Decl. ¶ 6(b) for the Korean original text at issue.

7

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

including but not limited to the following quotes: "I saw a comment saying that people in karaoke sing better than them," "Those improved parts are 'talk singing', not really singing," and "When they cant [*sic*] sing the part, they just scream." This Short received approximately 244,000 views, 7,400 'likes' and 420 comments as of June 10, 2024. *Id.* ¶ 6(b).

3.  In a Short titled "Creepy meaning behind LE SSERAFIM's music video that now gives you goose bumps" (English translation) dated April 30, 2024,[5] the YouTuber defamed and harassed the Applicants by implying they are associated with a religious cult: "LE SSERAFIM's debut concept: fallen angel / thought it was going for a rebellious concept involving rule breaking… / through recent incident, past music videos attracted attention / creepy symbols came to light one after another… / 1. Symbols about angels / Kazuha's wing on fire / She rips it off with her own hand… / Not the previous angel (Christianity) / but made into their own angel" (English translation). This Short received approximately 2,130,000 views, 53,000 'likes' and 2,600 comments as of June 10, 2024. *Id.* ¶ 6(c).

These Shorts are no longer publicly available online because it appears that they have been moved to "private."[6] Nevertheless, there is nothing that stops the First YouTuber from reactivating the YouTube channel or starting a new account to post the same or similar Shorts. *Id.*

A different unidentified person using the YouTube handle "@shortchajang" ("**Second YouTuber**") published around sixteen (16) Shorts about the Applicants between April 6, 2024 and May 28, 2024 on his or her YouTube channel titled "Short Chajang" (Korean original: "숏차장"). *Id.* ¶ 7; Ex. 2. The YouTube channel is active as of July 30, 2024[7] and has approximately 195,000 subscribers.

The Second YouTuber's Shorts also contain false, defamatory and/or harassing statements about the Applicants. *Id.* ¶ 8. These include but are not limited to the following:

/ / /

---

[5] https://www.youtube.com/watch?v=G7923f3HErU; see JY Kim Decl. ¶ 6(c) for the Korean original text at issue.
[6] When the public enters in the URL relating to the Shorts, message stating "Video unavailable. This video is private." appears on the web page.
[7] https://www.youtube.com/@shortchajang.

8

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1.  In a Short titled "What is the truth behind Chae-won Kim's body shape that changed?" (English translation) dated April 21, 2024,[8] this YouTuber defamed and harassed Applicant Chae-won Kim by focusing on parts of her body and falsely stating she received plastic surgery. This Short received approximately 1,957,000 views, 33,000 'likes' and 900 comments as of July 15, 2024. *Id*. ¶ 8(a).

2.  In a Short titled "Sound even after taking off the microphone..? Bigger controversy with LE SSERAFIM's second Coachella" (English translation) dated April 22, 2024,[9] this Second YouTuber defamed the Applicants by alleging they were lip syncing: "LE SSERAFIM's second Coachella stage is controversial / the current state is that there are people that say they improved and also other people that say they used too much AR / Because of the AR, even with the microphone removed apparently there was still transmission of voice" (English translation). This Short received approximately 124,000 views, 1,900 'likes' and 110 comments as of July 15, 2024. *Id*. ¶ 8(b).

3.  In a Short titled "LE SSERAFIM looking so anxious these days.." (English translation) dated May 4, 2024,[10] the YouTuber defamed and harassed the Applicants by falsely stating: "Controversy with a member involved with school violence and also provocative choreography and outfit / controversy involving plagiarism / encore live / controversial skills" (English translation). This Short received approximately 367,000 views, 5,200 'likes' and 560 comments as of July 15, 2024. *Id*. ¶ 8(c).

Both YouTubers' Shorts contain numerous false, defamatory and/or harassing statements about the Applicants, all of which have inflicted significant reputational harm to the Applicants and constitute torts under Korean civil law. *Id*. ¶¶ 9, 12, 14; MH Kim Decl. ¶¶ 5-7.

/ / /

/ / /

/ / /

---

[8] https://www.youtube.com/watch?v=ya88sVRAY94; see JY Kim Decl. ¶ 8(a) for the Korean original text at issue.
[9] https://www.youtube.com/watch?v=JzAlr69p6bo; see JY Kim Decl. ¶ 8(b) for the Korean original text at issue.
[10] https://www.youtube.com/watch?v=GhXhQdnwoWY; see JY Kim Decl. ¶ 8(c) for the Korean original text at issue.

9

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

Both YouTubers published their Shorts in Korean and used Korean language words and expressions that appear to indicate they are native Korean speakers located in Korea, as opposed to non-Korean citizens residing outside of Korea. JY Kim Decl. ¶ 11; MH Kim Decl. ¶ 4.

On June 12, 2024, the Applicants filed a civil lawsuit in Korea against the YouTubers under Korean law ("**Civil Matter**"). The Applicants claimed defamation pursuant to Articles 750 and 751 of the Civil Act of Korea. JY Kim Decl. ¶ 12; MH Kim Decl. ¶ 5.

**B.  The Applicants Previously Filed an *Ex Parte* Application under Section 1782 Based on Criminal Complaint, Which was Denied.**

On May 31, 2024, the Applicants filed an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding, Case No. 5:24-mc-80132-EJD ("**First *Ex Parte* Application**"). The First *Ex Parte* Application was based on a ***criminal*** complaint that the Applicants lodged with the Seoul Yongsan Police Station, whereas this *Ex Parte* Application is based on a ***civil*** lawsuit that the Applicants filed with the Korean courts. On June 5, 2024, the district judge denied the First *Ex Parte* Application because of concerns about the Applicants' use of Section 1782 in aid of a foreign criminal investigation.

This *Ex Parte* Application is distinguishable from the First *Ex Parte* Application because it is based on a civil lawsuit in Korea. The Court in the First *Ex Parte* Application held that the criminal authorities in Korea should pursue the identity of the anonymous users through the Treaty of Mutual Legal Assistance in Criminal Matters ("**MLAT**"). However, MLAT is inapplicable here because this *Ex Parte* Application is based on a pending Civil Matter.

**C.  The Applicants Seek Limited Discovery from Google for a Civil Case**

Google is an American multinational company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. MH Kim Decl. ¶ 9, Ex. 1. Google owns and operates YouTube, which is one of the world's largest social media platforms where users can share videos and post comments on message boards.[11] To upload content onto

---

[11] *See* Fed. R. Evid. 201(b) (the information provided about Google and the YouTube platform are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); WebWise.ie, *Explained: What is YouTube?*,

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

YouTube, users need to log into their Google account after they initially create a YouTube channel or handle.[12]

Without knowing the identities of the YouTubers, the Applicants are unable to serve the civil complaint on the YouTubers and thus cannot proceed with the Civil Matter. JY Kim Decl. ¶ 13; MH Kim Decl. ¶¶ 8, 14. The subpoena is narrowly tailored to seek documents from Google that will reveal the YouTubers' identities through his or her PII in the subject Google accounts. MH Kim Decl. ¶¶ 8, 14.

### III.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under a federal statute 28 U.S.C. § 1782(a). Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this District, as discussed herein.

### IV.    LEGAL STANDARD

This Court is authorized to grant a Section 1782 application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

> [1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering

https://www.webwise.ie/parents/what-is-youtube/ (last visited July 30, 2024); YouTube, Terms of Service (dated January 5, 2022), https://www.youtube.com/static?template=terms (last visited July 30, 2024).
[12] Google LLC, YouTube Help, Create a YouTube channel, https://support.google.com/youtube/answer/1646861?hl=en (last visited July 30, 2024).

11

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the U.S.]." *Id*. at 263.

## V.    ARGUMENT

### A.    This Application Meets All of the Statutory Requirements of Section 1782

As set forth herein, this Application meets the requirements of Section 1782.

First, Google "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is Mountain View, California, which is located in this judicial district. MH Kim Decl. ¶ 9, Ex. 1; *see also United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518, at *9 (N.D. Cal. 2023) (citations omitted).

Second, the Applicants seek discovery to proceed with the Civil Matter in Korea. MH Kim Decl. ¶¶ 8, 9, 14. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. Here, the Applicants have brought a civil action against the YouTubers in Korea and are seeking the YouTubers' identities to proceed with the Civil Matter. MH Kim Decl. ¶¶ 5, 8, 14; *see also In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, No. 23-mc-80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (finding the second statutory factor met where discovery was sought for use in "a civil proceeding in a foreign tribunal—the Seoul Central District Court").

Third, the Applicants brought the Civil Matter because the anonymous YouTubers committed acts against them that constitute violations of civil law. MH Kim Decl. ¶¶ 5-7. Thus,

12

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

the Applicants satisfy the third statutory requirement of being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc*., 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

**B.  Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of this Court granting this Application.

**1.  Google is a nonparticipant in the Korean Civil Matter**

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Google is not named as a party in the Korean Civil Matter. MH Kim Decl. ¶ 9. Since Google and the requested documents are located in this District, which is outside the Korean courts' jurisdictional reach over nonparticipants, evidence available from Google through a United States federal court proceeding is not obtainable by the Applicants in Korea absent Section 1782(a). *Id.* ¶ 9; Ex. 1; *see Intel*, 542 U.S. at 264. Accordingly, this first factor weighs heavily in favor of granting this Application.

**2.  Korean Tribunals are receptive to U.S. judicial assistance**

Next, the Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542

13

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977) (granting Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granting Korean National Court Administration's request for information and documents from Google, Inc.); *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *1 (granting Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

Additionally, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

Here, the Korean courts are receptive to the U.S. federal court's assistance in discovery matters, including through Section 1782 requests for information to identify persons who anonymously publish statements on social media platforms. MH Kim Decl. ¶ 10. By contrast, there are no Korean laws or policies that limit or otherwise prevent the U.S. federal courts from assisting the Applicants obtain discovery in order to identify the YouTubers in the manner proposed in this Application. *Id*. ¶¶ 11-12. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. For the foregoing reasons, this second factor weighs heavily in favor of granting this Application.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**3. The Applicants are not seeking to circumvent any restrictions or policies on proof gathering**

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district previously held, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

**a. The Applicants are Seeking PII to Proceed with the Civil Matter**

In Korea, the civil courts conduct service of process on defendants based on the information provided by plaintiffs. MH Kim Decl. ¶ 8. Here, the Applicants are not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. *Id.* ¶ 13. In fact, the opposite is true. This Section 1782 Application is the only way for the Applicants to obtain the YouTubers' information. *Id.* ¶¶ 8, 14; JY Kim Decl. ¶ 10. The Applicants' Korean counsel confirms this information is needed to pursue the Civil Matter in Korea and anticipates that the requested PII will be admissible in the Korean court. MH Kim Decl. ¶¶ 8, 13-14.

**b. The First Amendment Does Not Apply**

In *United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518 (N.D. Cal. 2023), a court in this district analyzed the issue of the First Amendment in the context of a Section 1782 request seeking an anonymous individual's PII ("Name, Gender, Phone Number, Date of Birth, etc.") from Google related to a Korean civil action.

First, the court recognized that "Foreign citizens who are outside United States territory . . . do not possess any rights under the United States Constitution." *United States v. Google LLC*, 2023 WL 5725518, at *12 (citations omitted).

15

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

Second, "[t]he court f[oun]d persuasive several recent opinions concluding that . . . U.S. free-speech principles should not be determinative factors" in evaluating the third discretionary factor "where the evidence does not indicate that the anonymous speakers are entitled to First Amendment protections." *Id.* at *12-13 (citing *Hey, Inc. v. Twitter, Inc*., No. 22-mc-80035-DMR, 2023 WL 3874022, at *7-8 (N.D. Cal. June 6, 2023) (holding third discretionary factor did not weigh against granting § 1782 application seeking the identity of anonymous speaker, where there was no evidence indicating that the speaker was entitled to First Amendment protections); *Takagi v. Twitter, Inc*., No. 22-mc-80240-VKD, 2023 WL 1442893, at *7 (N.D. Cal. Feb. 1, 2023) (rejecting assertion that a subpoena seeking identity of anonymous speaker circumvented the U.S.'s "pro-free speech policy," because "First Amendment protections do not apply to non-citizens outside the territory of the United States"); *Zuru, Inc. v. Glassdoor, Inc*., 614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ("Although the United States may have a pro-free-speech policy, . . . it doesn't reflect a U.S. policy of protecting free speech around the world.")).

As set forth in the declarations supporting this Application, the words and phrases used in the original Korean language Shorts indicate that the YouTubers are more likely than not native Korean speakers and reside in Korea. JY Kim Decl. ¶ 11; MH Kim Decl. ¶ 4. Moreover, there is nothing to indicate that the statements were made by a U.S. citizen. *Id.*

Third, the court noted that the applicant alleged that the anonymous individual knowingly made false statements about the applicant, which if taken as true "likely would not be protected by the First Amendment even in the United States." *United States v. Google LLC*, 2023 WL 5725518, at *13 (citing *In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021); *see Milkovich v. Lorain J. Co*., 497 U.S. 1, 22 (1990) (discussing the necessary balance between ensuring "First Amendment protection for defendants in defamation actions" and recognizing society's "pervasive and strong interest in preventing and redressing attacks upon reputation")). Here, the Applicants allege defamation, harassment and false statements. JY Kim Decl. ¶¶ 9, 12, 14; MH Kim Decl. ¶¶ 5-7.

For the foregoing reasons, the third factor weighs in favor of granting this Application.

16

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

### 4.  The Applicants' request is not unduly intrusive or burdensome

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome *in part* may be "trimmed" so that the requests can be partially authorized. *Id.*

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), the Applicants' requests are narrow in scope and number. The Applicants' proposed subpoena is limited to requests for documents about the YouTubers' names, dates of birth, genders, phone numbers, and addresses, which the Applicants need to proceed with the Civil Matter and which Google maintains in the regular course of business. *See* Ex. A; MH Kim Decl. ¶¶ 8-10, 14; *see also United States v. Google LLC*, 2023 WL 5725518, at *15; *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. Jul. 25, 2019) (name, address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782); *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *4 (allowing discovery of information from Meta regarding the names, dates of birth, email addresses, cell phone numbers, and IP addresses associated with specific user accounts where the request was "narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants").

Additionally, judges in this district have previously recognized that a subpoena that does not seek the content of any communications associated with an account at issue does not violate the Stored Communications Act. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.); *In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418, at *3 (N.D. Cal. Jan. 20, 2023) ("the subpoena seeks only the names and addresses of the person(s) whose credit card is associated with the Google accounts and does not seek disclosure of credit card numbers

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

or any other sensitive information."); *In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit card information to the name and address). Here, the proposed subpoena does not seek the content of any communications, nor does it seek sensitive financial information (e.g., credit card numbers, bank account numbers, or electronic commerce account numbers).

Finally, the Applicants narrowed the scope of the subpoena as compared to the prior subpoena. Prior to this filing, the Applicants' counsel provided the proposed subpoena and proposed order to Google's outside counsel. While Google reserved its right to oppose the subpoena at a later time, it does not oppose the filing of these documents.

Accordingly, this last factor weighs in favor of the Applicants because its requests for documents are narrow, are not intrusive or burdensome, and Google has a right to object, or seek a protective order.

## VI.     CONCLUSION

For the reasons stated above, the Applicants respectfully request this Court exercise its discretion under Section 1782 to grant this Application and permit the Applicants to issue the proposed subpoena to Google in aid of the Korean civil proceedings.


Dated: July 30, 2024                    STREAM KIM HICKS WRAGE & ALFARO, PC.


/s/

Eugene Kim

*Attorneys for Applicants*
*Sakura Miyawaki, et al.*

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1

**CERTIFICATE OF COMPLIANCE**

2  The undersigned, counsel of record, certifies that this brief contains 4,537 words,

3  which complies with the word limit of L.R. 11-6.1.

4

5  Dated:  July 30, 2024                    STREAM KIM HICKS WRAGE & ALFARO, PC.

6

7  _/s/_ _____

8  Eugene Kim

9  *Attorneys for Applicants*
   *Sakura Miyawaki, et al.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

**Exhibit A**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Sakura Miyawaki, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  5:24-mc-80189 |
| | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: eugene.kim@streamkim.com<br>By mail to: Eugene Kim, 3477 McKee Rd #1012<br>San Jose, CA 95127 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and E.C.H. , who issues or requests this subpoena, are:

Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences or results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### I.     Definitions

A.     The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B.     The term "Google Account No. 1" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Issue Feed" (Korean original: "이슈피드") which was accessible from the URL https://www.youtube.com/@issuefeed.[1]

C.     The term "Google Account No. 2" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Short Chajang" (Korean original: "숏차장") which is accessible from the URL https://www.youtube.com/@shortchajang.

D.     The term "Access Logs" means the dates, times, Internet Protocol addresses, port numbers and any other related information that is kept by Google LLC when users login or upload videos to his/her/its Google account(s).

### II.     Requests for Production

1.     Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) who created, used and/or otherwise logged in to Google Account No. 1.

---

[1] It appears that this channel has been deleted or deactivated as of July 9, 2024.

To the extent that Access Logs are provided to identify the user of Google Account No. 1, this request seeks a minimum of the last ten (10) logins and the time zone associated with the timestamps in those Access Logs.

2.      Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) with credit card(s), bank account(s) and/or other electronic commerce details registered with Google Account No. 1.

This request does not seek the actual credit card numbers, bank account numbers or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.

3.      Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) who created, uses and/or otherwise logs in to and Google Account No. 2.

To the extent that Access Logs are provided to identify the user of Google Account No. 2, this request seeks a minimum of the last ten (10) logins and the time zone associated with the timestamps in those Access Logs.

4.      Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) with credit card(s), bank account(s) and/or other electronic commerce details registered with Google Account No. 2.

This request does not seek the actual credit card numbers, bank account numbers or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.