1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    In re Ex Parte Application of                    Case No.  24-mc-80189-PCP
     SAKURA MIYAWAKI et al.,
8
                        Applicants.                   **ORDER ON EX PARTE DISCOVERY**
9                                                     **APPLICATION**

10

11

12          Members of the pop group Le Sserafim seek an ex parte order under 28 U.S.C. § 1782 to

13   obtain documents from Google to use in a civil proceeding in Korea. The application is granted.

14   **I.      Background**

15          Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and E.C.H.

16   are members of a Korean pop group called Le Sserafim. They are suing two people who posted

17   allegedly defamatory videos on YouTube. Because the two YouTube accounts do not include the

18   posters' true names, the Le Sserafim members seek discovery to find out who posted the videos.

19          Google is headquartered in Mountain View, California. It owns and operates YouTube.

20          These same applicants previously sought the same information from Google for use in a

21   potential criminal investigation in Korea. The Court denied their ex parte application. See Dkt. No.

22   8, Case No. 24-mc-80132-EJD (N.D. Cal. Jun. 5, 2024).

23   **II.     Legal Standard**

24          There are three statutory requirements for this Court to authorize discovery under Section

25   1782: (1) the target must reside in this district, (2) the discovery must be "for use in a proceeding

26   in a foreign or international tribunal," and (3) the application must be made by that tribunal or

27   another "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

28          Even when these requirements are met, the Court has discretion over whether to grant an

*United States District Court*
*Northern District of California*

1   application. Four factors inform this decision: (1) whether the entity from whom discovery is

2   sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the

3   character of the proceedings, and the receptivity of the tribunal to assistance by this Court; (3)

4   whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other

5   policies of a foreign country or the United States; and (4) whether the request is unduly intrusive

6   or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

**III.     Analysis**

8   Applicants meet the statutory requirements for Section 1782 discovery. First, Google is

9   located in this district. Second, the discovery is for use in a civil proceeding already underway in

10   Korea. Third, applicants are interested persons in that proceeding.

11   The discretionary *Intel* factors also support this application. First, Google will not be a

12   party to the anticipated proceedings. Second, applicants represent that the Korean court will be

13   receptive to assistance. Third, applicants also represent that Korean law would not restrict

14   gathering the information they seek. They also assert that because the accounts appear to be run by

15   Korean rather than U.S. residents, the First Amendment is not implicated. Fourth, the request

16   appears narrowly tailored and not unduly intrusive or burdensome. Unlike their earlier, broader

17   request, all applicants now seek are documents sufficient to identify the people behind the two

18   YouTube accounts at issue. Finally, unlike applicants' previous request, the information sought is

19   to be used in a civil proceeding rather than a criminal investigation (where information could also

20   be obtained through the Treaty of Mutual Legal Assistance in Criminal Matters).

21   Based on these factors, the Court will grant this application. As this is an ex parte

22   application, Google of course remains free to object or move to quash the subpoena.

**IV.     Conclusion**

24   The application is granted. Applicants may serve the proposed subpoena on Google.

25   **IT IS SO ORDERED.**

26   Dated: August 20, 2024

27

28

P. Casey Pitts
United States District Judge

*United States District Court*
*Northern District of California*

2